IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUWANE SHACKELFORD, | § | |
| TDCJ #1595338, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3322 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent.[1] | § | |

## MEMORANDUM AND ORDER

The petitioner, Duwane Shackelford (TDCJ #1595328), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Shackelford has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which purports to seek relief from a state court conviction. Shackelford has also filed a motion to enter an order directing the state courts to "expedite" the resolution of his appeal and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

---

[1] The petition names State District Judge Jim Wallace as the respondent. Because the petitioner is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, the Court substitutes Director Rick Thaler under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the petition to name as respondent "the state officer who has custody."

# I.     BACKGROUND

Shackelford reports that he was charged with sexual assault in cause number 1103160. On March 11, 2008, a jury in the 263rd District Court of Harris County, Texas, found Shackelford guilty as charged.  He received a sentence of 9 years' imprisonment.  On direct appeal, Shackelford complained that the trial court imposed sentence without affording him the opportunity to be heard and abused its discretion by admitting irrelevant, hearsay information at trial.  An intermediate court of appeals rejected Shackelford's arguments and affirmed the conviction in an unpublished opinion.  *See Shackelford v. State*, No. 14-08-00218-CR, 2009 WL 508478 (Tex. App. — Houston [14th Dist.] March 3, 2009).  Thereafter, the Texas Court of Criminal Appeals refused Shackelford's petition for discretionary review.

Shackelford also filed an application for a state writ of habeas corpus on January 20, 2010, to challenge his sexual assault conviction under Article 11.07 of the Texas Rules of Criminal Procedure.  Because the trial court has not yet ruled on the application, he has also filed a motion for release on bond pending habeas review.  The habeas corpus application and the motion for release on bond remain pending.  In an effort to compel a prompt ruling, Shackelford has filed more than one unsuccessful petition for an original writ of mandamus in the Texas Court of Criminal Appeals.

In a federal petition dated August 30, 2011, Shackelford now seeks a writ of habeas corpus under 28 U.S.C. § 2254.  Shackelford does not directly challenge the validity of his underlying sexual assault conviction.  He claims, instead, that the trial court and the Texas

Court of Criminal Appeals have failed to promptly consider and rule on his pending motion for release on bond pending state habeas corpus review under Article 11.07 of the Texas Rules of Criminal Procedure.  Shackelford insists, therefore, that he is being subjected to cruel and unusual punishment.  For reasons discussed further below, the petition must be dismissed.

## II.    DISCUSSION

There are two principal ways in which a state prisoner may seek review under the federal habeas corpus statutes: (1) he may challenge the manner in which a sentence is executed or carried out under 28 U.S.C. § 2241; or (2) he may collaterally attack a state court conviction under 28 U.S.C. § 2254.[2]  *See, e.g., Prieser v. Rodriguez*, 411 U.S. 475 (1973) (recognizing that the specific remedy found in 28 U.S.C. § 2254 is recognized as the exclusive avenue for challenging the legality of a state court conviction); *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (distinguishing the jurisdiction conferred under § 2241 and § 2254 for purposes of venue); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (distinguishing mechanisms for post-conviction relief under § 2241 and § 2255).  The petition filed by Shackelford raises neither of these issues.

---

[2]    A district court may grant a writ of habeas corpus under the general federal habeas corpus statute if the petitioner satisfies one of several criteria, such as a showing that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c).  A district court also has specific jurisdiction under 28 U.S.C. § 2254(a) "to entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

In this case, Shackelford appears to seek a court order directing the state courts to expedite his state habeas corpus proceeding or grant him release on bond pending state habeas review.  Liberally construed, Shackelford asks for a federal writ of mandamus, which is governed by 28 U.S.C. § 1361.  This statute provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  The respondents identified in the petition, however, are state officials and not employees or agents of the United States.  This Court has no power to issue federal writs of mandamus to direct state officials in the performance of their duties.  *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).  Accordingly, Shackelford's petition for a writ of mandamus must be dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1361.

Alternatively, to the extent that the pending petition seeks review of a state court judgment under 28 U.S.C. § 2254, Shackelford concedes that his state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure remains pending along with his motion for release on bond.  Because state review remains open, Shackelford has not exhausted all available state remedies with respect to his claims as required by 28 U.S.C. § 2254(b).

Shackelford appears to argue that exhaustion is not required because he filed his state habeas application in January of 2010, and that the state court has yet to complete its review. Shackelford provides no information about the substantive claims that he has raised in his

4

state habeas corpus application.  Nor does he provide specific information about the status of his state habeas proceeding.  Without more information, the Court cannot say that the delay is inordinate, or that such delay is attributable to the State of Texas, for purposes of meeting an exception to the exhaustion requirement.  *See Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir. 1993).  Shackelford's allegations do not otherwise show that exceptional circumstances exist that would excuse his failure to exhaust available state remedies. Comity requires this Court to defer consideration of Shackelford's claims until the state courts have completed an adjudication on the merits.  *See, e.g., Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.") (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)).  Accordingly, the pending federal habeas petition must be dismissed for this additional reason.

## III.   CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1.      The petitioner's motion for leave to proceed *in forma pauperis* [Doc. # 2] is

**GRANTED**.

2.      The petition is **DISMISSED WITHOUT PREJUDICE**.

3.      A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on <u>September 13</u>, 2011.

5

_____
Nancy F. Atlas
United States District Judge